UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    JACK R. VOGT, III                            Chapter 7
                                                   Case no. 24-10065-CLB

                               Debtor
_____

MARK J. SCHLANT, TRUSTEE IN
BANKRUPTCY FOR JACK R. VOGT, III
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202

                               Plaintiff
                                                   A.P. No.
vs.

THERESA K. LANGWORTHY
1185 Blockville Watts Flats Road
Ashville, New York 14710

                               Defendant
_____

## COMPLAINT

MARK J. SCHLANT, as Trustee in Bankruptcy for Jack R. Vogt, III (the "Plaintiff" or the "Trustee"), by his attorneys, Zdarsky, Sawicki & Agostinelli LLP, for his Complaint against the Defendant, hereby alleges:

1. The Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee in the above-captioned case now pending under Chapter 7 of Title 11 of the United States Code, and has an office for the transaction of business in the County of Erie and State of New York at the address set forth in the caption herein.

2. Upon information and belief, the Defendant is a natural person who resides at the

address set forth after her name in the caption herein.

3. The Bankruptcy Court has jurisdiction of this Adversary Proceeding pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157, the Local District Court Permanent Order of Reference and the Bankruptcy Rules. This proceeding is a "core" proceeding under the provisions of 28 U.S.C. §157(b)(2).

4. Debtor Jack R. Vogt, III (the "Debtor") filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code on January 19, 2024 (the "Petition Date").

5. Upon information and belief, based on the Debtor's testimony and documentation furnished to the Trustee by the Debtor, the Debtor and the Defendant jointly obtained an unsecured loan from from Southern Chautauqua Federal Credit Union ("SCFCU") in the principal amount of approximately $8,504.00 on or about December 26, 2023. Attached hereto and made part hereof collectively as Exhibit A is a true copy of a Loan and Security Agreements and Disclosure Statement between the Debtor, the Defendant, and SCFCU as furnished to the Trustee by the Debtor, pursuant to which said borrowing occurred. This allegation may not be necessary to the Plaintiff's causes of action herein, but is made nonetheless for background because the Plaintiff understands from the Debtor's testimony that the transfers which are the subject of this adversary proceeding were made with the proceeds of this loan.

6. Upon information and belief, based on the Debtor's testimony and documentation furnished to the Trustee by the Debtor, the Debtor and the Defendant maintained a joint deposit account at SCFCU in January 2024 (the "Deposit Account").

7. Upon information and belief, based on the Debtor's testimony and documentation furnished to the Trustee by the Debtor, as of January 1, 2024, the Deposit Account contained a

2

balance of approximately $8,553.28, which may have included proceeds from the Debtor's and the Defendant's aforementioned loans from SCFCU.

8. Upon information and belief, based on the Debtor's testimony and documentation furnished to the Trustee by the Debtor, on or about January 2, 2024, seventeen days before the Debtor's bankruptcy petition was filed, the Debtor and/or the Defendant caused electronic transfers to be made from the Deposit Account in the aggregate amount of $8,546.47 to Chase Bank in satisfaction or partial satisfaction of liabilities owed solely by the Defendant, and not by the Debtor, one in the amount of $4,203.94 on the Defendant's Chase Freedom credit card with an account number ending in 6392, and the other in the amount of $4,342.53 on the Debtor's Chase / Amazon credit card with an account number ending in 2792 (the "Transfers"). Attached hereto and made part hereof collectively as Exhibit B are copies of a statement on the Deposit Account and statements on the Defendant's Chase credit card accounts as furnished to the Trustee by the Debtor, showing the Transfers.

9. The Transfers were made for the benefit of, and in fact inured to the benefit of, the Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION

10. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

11. Upon information and belief, the Defendant gave no consideration to the Debtor for the Transfers, or any consideration the Defendant gave was less than reasonably equivalent value and/or less than fair consideration for the Transfers.

12. Upon information and belief, the Debtor either was insolvent at the time of the

3

Transfers or was rendered insolvent thereby.

13. By virtue of the foregoing, the Transfers constitute fraudulent transfers which are avoidable by the Plaintiff under 11 U.S.C. §548(a)(1)(B).

14. The Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and to judgment against the Defendant in the amount of the Transfers together with interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION

15. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

16. Upon information and belief, the Defendant gave no consideration to the Debtor for the Transfers, or any consideration she gave was less than reasonably equivalent value and/or less than fair consideration for the Transfers.

17. Upon information and belief, after the Transfers the Debtor was left with unreasonably small capital, and/or an unreasonably small amount of assets, for the business or transactions in which he was then engaged and/or in which he was about to engage.

18. By virtue of the foregoing, the Transfers constitute fraudulent transfers which are avoidable by the Plaintiff under 11 U.S.C. §548(a)(1)(B).

19. The Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and to judgment against the Defendant in the amount of the Transfers together with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION

20. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

21. Upon information and belief, the Defendant gave no consideration to the Debtor for the Transfers, or any consideration she gave to the Debtor was less than reasonably equivalent value and/or less than fair consideration for the Transfers.

22. Upon information and belief, at the time the Transfers occurred, the Debtor had incurred, intended to incur, believed he would incur, reasonably should have believed he would incur, and/or was about to incur debts which would be beyond his ability to pay as they matured and/or became due.

23. By virtue of the foregoing, the Transfers constitute fraudulent transfers which are avoidable by the Plaintiff under 11 U.S.C. §548(a)(1)(B).

24. The Plaintiff is entitled to judgment avoiding the Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and to judgment against the Defendant in the amount of the Transfers together with interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION

25. The Plaintiff repeats and realleges the contents of all preceding paragraphs, the same as if they were repeated and restated here in full.

26. This cause of action is asserted in the alternative to the foregoing, in the event that he Defendant alleges that the Transfers were made on account of some obligation owed by the Debtor to the Defendant.

5

27. Upon information and belief, the Transfers were made to and for the benefit of the Defendant.

28. Upon information and belief, the Transfers were made within ninety days before the Debtor filed his voluntary petition under Chapter 7 herein.

29. Upon information and belief, at the time of the Transfers, the Debtor was insolvent.

30. The Transfers enabled the Defendant to receive more than the Defendant would receive under Chapter 7 of Title 11 of the United States Code if the Transfers had not been made, and if the Defendant received payment of such debt to the extent provided for by Title 11 of the United States Code.

31. By virtue of the foregoing, the Transfers constitute preferential transfers avoidable by the plaintiff under Bankruptcy Code §547.

32. The Plaintiff is entitled to judgment avoiding the Transfers as preferential transfers pursuant to 11 U.S.C. §547, and preserving them for the benefit of the estate pursuant to 11 U.S.C. §551, and to judgment against the Defendant in the amount of the Transfers, together with interest thereon, pursuant to 11 U.S.C. §550.

**WHEREFORE**, the Plaintiff demands judgment:

    A) Avoiding the Transfers pursuant to 11 U.S.C. §547 and/or 11 U.S.C. §548(a)(1)(B), and preserving them for the benefit of the estate pursuant to 11 U.S.C. §550 and §551, and judgment against the Defendant in an amount equal to the amount of the Transfers;

    B) Together with interest and the costs and disbursements of this

action; and

   C)  For such other and further relief as the Court deems just and proper.

Dated: January 16, 2026
  Buffalo, New York

         ZDARSKY, SAWICKI & AGOSTINELLI, LLP
         Attorneys for the Plaintiff


         s/ Mark J. Schlant
         By: Mark J. Schlant
         1600 Main Place Tower
         350 Main Street
         Buffalo, New York 14202
         Tel: (716) 855-3200